# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2025**

E-Filing Number: 2511027717

**02007**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| HUNTER MACCREA | DEWALT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1907 LITTLE DRIVE<br>DEPTFORD NJ 08096 | 701 EAST JOPPA ROAD<br>BALTIMORE MD 21286 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DEWALT INDUSTRIAL TOOL CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 701 EAST JOPPA ROAD<br>BALTIMORE MD 21286 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DEWALT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 701 EAST JOPPA ROAD<br>BALTIMORE MD 21286 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 12 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>NOV **13** 2025<br>**B. BALILONIS** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>HUNTER MACCREA</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS F. SACCHETTA | 308 EAST SECOND STREET<br>MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)891-9212 | (610)891-7190 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 46834 | tom@sbattorney.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *THOMAS SACCHETTA* | Thursday, November 13, 2025, 10:23 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. DEWALT
   701 EAST JOPPA ROAD
   BALTIMORE MD 21286
2. DEWALT INDUSTRIAL TOOL CO.
   701 EAST JOPPA ROAD
   BALTIMORE MD 21286
3. DEWALT, INC.
   701 EAST JOPPA ROAD
   BALTIMORE MD 21286
4. BLACK & DECKER (U.S.), INC.
   1000 STANLEY DRIVE
   NEW BRITAIN CT 06053
5. BLACK & DECKER CORPORATION
   1000 STANLEY DRIVE
   NEW BRITAIN  CT 06053
6. HOME DEPOT U.S.A., INC
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
7. HOME DEPOT
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
8. HOME DEPOT STORE
   1370 HURFFVILLE ROAD
   DEPFORD NJ 08096
9. HOME DEPOT, INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
10. STANLEY BLACK & DECKER
    1000 STANLEY DRIVE
    NEW BRITAIN  CT 06053
11. JOHN DOE(S) I-V
    123 UNKNOWN
    UNKNOWN PA 12345
12. JOHN DOE(S) VI-X
    123 UNKNOWN
    UNKNOWN PA 12345

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
TYLER SACCHETTA, ESQUIRE
Attorney I.D. 325228
**SACCHETTA & BALDINO**
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial by the is demanded. An assessment of Judicial Records hearing is required.* 13 NOV 2025 10:21 am
BALILONIS

Attorney for plaintiff

|  |  |
|---|---|
| HUNTER MACCREA<br>1907 Little Drive,<br>Deptford, NJ 08096 | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PA<br>: CIVIL ACTION - LAW |
|              Plaintiffs | : |
|  | : No. 251102007 |
|   v. | : |
|  | : |
| DEWALT<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>     and<br>DEWALT INDUSTRIAL TOOL CO.<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>     and<br>DEWALT, INC.<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>     and<br>BLACK & DECKER (U.S.), INC.<br>1000 Stanley Drive<br>New Britain, CT 06053<br>     and<br>BLACK & DECKER CORPORATION<br>1000 Stanley Drive<br>New Britain, CT 06053<br>     and<br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road,<br>Atlanta, GA 30339<br>     and<br>HOME DEPOT<br>2455 Paces Ferry Road,<br>Atlanta, GA 30339<br>     and<br>HOME DEPOT STORE | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Case ID: 251102007

1370 Hurffville Road,                                    :
Deptford, NJ 08096                                       :
     and                         :
HOME DEPOT, INC.                                         :
2455 Paces Ferry Road,                                   :
Atlanta, GA 30339                                        :
     and                         :
STANLEY BLACK & DECKER                                   :
1000 Stanley Drive                                       :
New Britain, CT 06053                                    :
     and                         :
JOHN DOE(S) I-V                                          :
being a fictitious designation pursuant to               :
Pa. R. Civ. P. 2005 for corporation(s) and/or :
entity(ies) who were in the care, custody,               :
and control of and/or responsible for                    :
service, maintenance and/or repair of the                :
drill referenced in detail below  and                    :
responsible for the safety of those who were :
using it as identified in greater detail below  :
on the date as outlined below, and whose                 :
identity/identities is/are presently unknown :
to plaintiff                                             :
     and                         :
JOHN DOE(S) VI-X                                          :
being a fictitious designation pursuant to               :
Pa. R. Civ. P. 2005 for corporation(s) and/or :
entity(ies) who were responsible for the                 :
manufacture, design, assembly, sale, repair  :
and/or maintenance of the drill that is                  :
identified in detail below on the date listed  :
below, and whose identity/identities is/are              :
presently unknown to plaintiff                           :
                    Defendants    :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, OR CANNOT**

Case ID: 251102007

**AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una com-pareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta de-manda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: 215-238-6333

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
TYLER SACCHETTA, ESQUIRE
Attorney I.D. 325228
**SACCHETTA & BALDINO**
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is required.*

Attorney for plaintiff

|  |  |  |
|---|---|---|
| HUNTER MACCREA<br>1907 Little Drive,<br>Deptford, NJ 08096 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| DEWALT<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>and<br>DEWALT INDUSTRIAL TOOL CO.<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>and<br>DEWALT, INC.<br>701 East Joppa Road,<br>Baltimore, MD 21286<br>and<br>BLACK & DECKER (U.S.), INC.<br>1000 Stanley Drive<br>New Britain, CT 06053<br>and<br>BLACK & DECKER CORPORATION<br>1000 Stanley Drive<br>New Britain, CT 06053<br>and<br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road,<br>Atlanta, GA 30339<br>and<br>HOME DEPOT<br>2455 Paces Ferry Road,<br>Atlanta, GA 30339<br>and<br>HOME DEPOT STORE | : | |

1370 Hurffville Road,                                    :
Deptford, NJ 08096                                       :
      and                  :
HOME DEPOT, INC.                                         :
2455 Paces Ferry Road,                                   :
Atlanta, GA 30339                                        :
      and                  :
STANLEY BLACK & DECKER                                   :
1000 Stanley Drive                                       :
New Britain, CT 06053                                    :
      and                  :
JOHN DOE(S) I-V                                          :
being a fictitious designation pursuant to              :
Pa. R. Civ. P. 2005 for corporation(s) and/or :
entity(ies) who were in the care, custody,             :
and control of and/or responsible for                  :
service, maintenance and/or repair of the              :
drill referenced in detail below  and                  :
responsible for the safety of those who were :
using it as identified in greater detail below  :
on the date as outlined below, and whose               :
identity/identities is/are presently unknown :
to plaintiff                                            :
      and                  :
JOHN DOE(S) VI-X                                        :
being a fictitious designation pursuant to              :
Pa. R. Civ. P. 2005 for corporation(s) and/or :
entity(ies) who were responsible for the               :
manufacture, design, assembly, sale, repair  :
and/or maintenance of the drill that is                :
identified in detail below on the date listed  :
below, and whose identity/identities is/are            :
presently unknown to plaintiff                         :
               Defendants   :

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Hunter MacCrea by and through his attorneys, Thomas F. Sacchetta, Esquire, and Tyler Sacchetta, Esquire and avers as follows:

1.      Plaintiff, Hunter MacCrea, is an adult individual residing at 1907 Little Drive, Deptford, NJ 08096.

Case ID: 251102007

2. Defendant, DeWalt, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland. Defendant, DeWalt, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania and this action is brought based on contacts Defendant, DeWalt, had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

3. Defendant, DeWalt Industrial Tool Co., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland. Defendant, DeWalt Industrial Tool Co., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 701 East Joppa Road, Baltimore Maryland 21286. This action is brought based on contacts Defendant, DeWalt Industrial Tool Co., had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

4. Defendant, DeWalt, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland. Defendant, DeWalt, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 701 East Joppa Road, Baltimore Maryland 21286. This action is brought based on contacts Defendant, DeWalt, Inc., had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

5. Defendant, Black & Decker (U.S.), Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland. Defendant, Black & Decker (U.S.), Inc.,

Case ID: 251102007

regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 1000 Stanley Drive, New Britain, CT 06053. This action is brought based on contacts Defendant, Black & Decker (U.S.), Inc., had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

6.    Defendant, Black & Decker Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland. Defendant, Black & Decker Corporation, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 1000 Stanley Drive, New Britain, CT 06053. This action is brought based on contacts Defendant, Black & Decker Corporation, had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

7.    Defendant, Home Depot U.S.A., Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware. Defendant, Home Depot U.S.A., Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of  455 Paces Ferry Road, Atlanta, GA 30339. This action is brought based on contacts Defendant, Home Depot U.S.A., Inc., had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

8.    Defendant, Home Depot Store, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with an address of 1370 Hurffville Road, Deptford, NJ 08096 Defendant, Home Depot Store, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania.

9.     Defendant, Home Depot, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware. Defendant, Home Depot, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 455 Paces Ferry Road, Atlanta, GA 30339. This action is brought based on contacts Defendant, Home Depot, had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

10.     Defendant, Home Depot, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware. Defendant, Home Depot, Inc., regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 455 Paces Ferry Road, Atlanta, GA 30339. This action is brought based on contacts Defendant, Home Depot, Inc., had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below.

11.     Defendant, Stanley Black & Decker, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Maryland.  Defendant, Stanley Black & Decker, regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania with an address for service of 1000 Stanley Drive, New Britain, CT 06053. This action is brought based on contacts Defendant, Stanley Black & Decker, had with the Commonwealth of Pennsylvania and sale of a specific product drill described in further detail below

12.     Defendants, John Doe I-V (fictitious name) is/are entity/entities that, through it's employees, agents, workmen, and/or servants were in the care, custody and control of and/or

Case ID: 251102007

responsible for service, maintenance and/or repair of the drill at issue as identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

13. Defendants, John Doe VI-X (fictitious name) is/are entity/entities that, through it's employees, agents, workmen, and/or servants were responsible for the manufacture, design, assembly, sale, distribution, repair and/or maintenance of the drill identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

14. Defendants, John Doe I-V's, John Doe VI-X's, identity, after reasonable investigation, is/are currently unknown.

15. On or about April 03, 2024, plaintiff, Hunter MacCrea, while at working at a job site, was injured while using the defective circular drill (DCD980 1/2" 13mm Cordless Drill, Serial Number: 953647) sold, designed, marketed, manufactured and/or assembled by defendants, which lacked a proper safety features and/or warning as well as was defective resulting in the drill violently twisting his right hand/wrist/arm causing severe injury.

16. The drill involved in the incident described herein was sold by defendants, Home Depot U.S.A., Inc., Home Depot Store, Home Depot, and/or Home Depot, Inc., who were sold the product and/or its components by defendants, DeWalt, DeWalt Industrial Tool Co., DeWalt, Inc., Black & Decker (U.S.), Inc., Black & Decker Corporation and/or Stanley Black & Decker, John Doe I-V, John Doe VI-X.

17. The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

**COUNT I - NEGLIGENCE**

**Plaintiff, Hunter MacCrea v. Defendants, DeWalt, DeWalt Industrial Tool Co., DeWalt, Inc., Black & Decker (U.S.), Inc., Black & Decker Corporation and Stanley Black & Decker,  John Doe I-V, John Doe VI-X**

18.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

19.    The incident and resulting injuries to plaintiff were caused by the negligence of defendants, acting by and through their agents, servants, workmen and employees.

20.    Such negligence and carelessness consisted of the following:

(a)    failing to design and/or utilize proper designs or procedures for the manufacture, assembly, and sale of the cordless drill;

(b)    designing or utilizing defective designs and/or procedures for the manufacture, assembly and sale of the cordless drill;

(c)    designing, manufacturing, assembling, and/or selling, the cordless drill and/or its component parts which they knew or should have known, was in a defective condition;

(d)    ignoring evidence and facts about the dangers of the cordless drill when used in a reasonably foreseeable manner;

(e)    allowing the cordless drill to be sold in a defective condition;

(f)    failing to properly test the component parts of the cordless drill after its manufacture and prior to sale;

(g)    failing to properly equip the cordless drill with appropriate safety devices to permit it to be used safely;

(h)    failing to offer devices or products so as to make the cordless drill safe for use;

Case ID: 251102007

(i)     failing to investigate the dangers associated with the cordless drill and its use;

(j)     failing to adequately inform or warn purchasers or ultimate users of the cordless drill as to the proper procedures for maintaining the drill;

(k)     failing to adequately inform or warn purchasers or ultimate users of the cordless drill as to the proper procedures for repairing the drill;

(l)     failing to warn the user of the cordless drill of its inherent design defects;

(m)     failing to warn about the hazards and dangers associated with the cordless drill;

(n)     failing to properly manufacture the cordless drill;

(o)     placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(p)     placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

(q)     failing to inspect the cordless drill properly prior to sale, rental or lease; and

(r)     failing to discover the cordless drill's defective condition and/or design.

21.     The injuries and damage to plaintiff, Hunter MacCrea, were caused by the negligence of the agents, employees and/or servants of defendants.

22.     Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, severe right-hand injury, triangular fibrocartilage complex tear, right, initial encounter, right wrist sprain, and closed nondisplaced fracture of styloid process of right radius.

23.    As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

24.    As a direct result of the aforesaid incident, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from doing so in the near future, as his injuries may be permanent in nature.

25.    As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

26.    As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

27.    As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

28.    As a result of his injuries, plaintiff has incurred unreimbursed wage losses.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II - NEGLIGENCE

**Plaintiff, Hunter MacCrea v. Defendants, Home Depot U.S.A., Inc., Home Depot Store, Home Depot, and Home Depot, Inc., John Doe I-V, John Doe VI-X**

29.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

30.    The incident and resulting injuries to plaintiff were caused by the negligence of defendants, acting by and through their agents, servants, workmen and employees.

31.    Such negligence and carelessness consisted of the following:

(a)    selling, and/or leasing the cordless drill which they knew or should have known, was in a defective condition;

(c)    ignoring evidence and facts about the dangers of the cordless drill when used in a reasonably foreseeable manner;

(d)    allowing the cordless drill to be sold in a defective condition;

(e)    failing to offer devices or products so as to make the cordless drill safe for use;

(f)    failing to investigate the dangers associated with the cordless drill and its use;

(g)    placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation;

(h)    placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

(i)    failing to inspect the cordless drill properly prior to sale, rental or lease; and

(j)    failing to discover the cordless drill's defective condition and/or design.

32.    The injuries and damage to plaintiff, Hunter MacCrea , were caused by the negligence of the agents, employees and/or servants of defendants.

33.    Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, severe right-hand injury, triangular

Case ID: 251102007

fibrocartilage complex tear, right, initial encounter, right wrist sprain, and closed nondisplaced fracture of styloid process of right radius.

34.    As a direct result of the aforesaid incident, plaintiff suffered severe shock to his nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

35.    As a direct result of the aforesaid incident, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from doing so in the near future, as his injuries may be permanent in nature.

36.    As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

37.    As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

38.    As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

39.    As a result of his injuries, plaintiff has incurred unreimbursed wage losses.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT III

**Plaintiff, Hunter MacCrea v. Defendants, DeWalt, DeWalt Industrial Tool Co., DeWalt, Inc., Black & Decker (U.S.), Inc., Black & Decker Corporation and Stanley Black & Decker, John Doe I-V, John Doe VI-X**

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND),**

Case ID: 251102007

**§402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

40.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

41.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the cordless drill, either by virtue of its defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

42.    The defective cordless drill involved in the accident described above was defective for its foreseeable use and purpose.

43.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective cordless drill involved in the accident.

44.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

**COUNT IV**

**Plaintiff, Hunter MacCrea v. Defendants, Home Depot U.S.A., Inc., Home Depot Store, Home Depot, and Home Depot, Inc., John Doe I-V, John Doe VI-X**

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

Case ID: 251102007

45.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the cordless drill, either by virtue of its defective design, defective manufacture, or failure to adequately warn of the dangers of the product, for which defendants sold and/or leased which defendants are strictly liable to plaintiff.

47.    The defective cordless drill involved in the accident described above was defective for its foreseeable use and purpose.

48.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective radial arm saw involved in the accident, which was sold and/or leased by defendants.

49.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants placing its product in the stream of commerce by selling and/or leasing said product when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT V

**Plaintiff, Carl Anderson v. Defendants, DeWalt, DeWalt Industrial Tool Co., DeWalt, Inc., Black & Decker (U.S.), Inc., Black & Decker Corporation and Stanley Black & Decker, John Doe I-V, John Doe VI-X**

### BREACH OF WARRANTY

50.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

51.    At the time that they sold the defective cordless drill at issue and/or its component parts, defendants were in the business of manufacturing and marketing cordless drill and/or their component parts and were, with respect to this cordless drill and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

52.    The injuries and damages sustained by plaintiff, Hunter MacCrea, were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with its sale of the defective cordless drill and/or its component parts.

53.    Defendants impliedly warranted that the cordless drill was of merchantable quality and was fit for the purpose and use for which it was intended.

54.    Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

55.    By reason of the defective condition aforementioned, the cordless drill was not of merchantable quality and was not fit for their intended use.

56.    Defendants breached the implied warranty of fitness and/or merchantability with respect to the cordless drill by designing, manufacturing and selling it a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT VI

**Plaintiff, Hunter MacCrea v. Defendants, Home Depot U.S.A., Inc., Home Depot Store, Home Depot, and Home Depot, Inc., John Doe I-V, John Doe VI-X**

Case ID: 251102007

## BREACH OF WARRANTY

57.   Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

58.   At the time that they sold the defective cordless drill at issue and/or its component parts, defendants were in the business of manufacturing and marketing cordless drill  and/or their component parts and were, with respect to this cordless drill and/or its component parts, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

59.   The injuries and damages sustained by plaintiff, Hunter MacCrea, were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with its sale of the defective cordless drill and/or its component parts.

60.   Defendants impliedly warranted that the cordless drill was of merchantable quality and was fit for the purpose and use for which it was intended.

61.   Plaintiff relied on the manufactured implied warranty of merchantability and fitness when purchasing said product.

62.   By reason of the defective condition aforementioned, the cordless drill was not of merchantable quality and was not fit for their intended use.

63.   Defendants breached the implied warranty of fitness and/or merchantability with respect to the cordless drill by designing, manufacturing and selling it a condition which was unsuitable for the uses it would ordinarily and foreseeably be put.

WHEREFORE, plaintiff, Hunter MacCrea, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

SACCHETTA & BALDINO

By:   /S/THOMAS J. SACCHETTA

THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

Case ID: 251102007

## VERIFICATION

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

/s/Thomas F. Sacchetta
THOMAS F. SACCHETTA

Case ID: 251102007